

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CONNETICS CORPORATION and STIEFEL RESEARCH AUSTRALIA PTY. LTD., | : : : | Civil No. 08 CV 2230 |
| | : | |
| Plaintiffs, | : : | JUDGE MORAN MAGISTRATE JUDGE VALDEZ |
| v. | : : | ~~[          ]~~ STIPULATED PROTECTIVE ORDER |
| PENTECH PHARMACEUTICALS, INC. | : : | |
| Defendant. | : : | |

WHEREAS Plaintiffs Connetics Corporation and Stiefel Research Australia Pty. Ltd. ("Connetics") and Defendant Pentech Pharmaceuticals, Inc. ("Pentech") are parties to the above-referenced patent infringement action;

WHEREAS discovery in this action will likely require the disclosure of certain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26-of the Federal Rules of Civil Procedure that are in the possession, custody or control of Connetics, Pentech, and/or non-parties;

WHEREAS such confidential information must be protected in order to preserve the legitimate business interests of the parties and/or non-parties; and

WHEREAS the parties have conferred in good faith and stipulated to the entry of this Protective Order for the purpose of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information;

THEREFORE, for good cause shown, pursuant to Rule 26(c), all discovery and other materials exchanged by the parties and/or non-parties, or filed with the Court, in the above-captioned case shall be provided subject to the following conditions:

1.    This Protective Order shall apply to all documents, things, or information subject to discovery in this action that are owned or controlled by a party and/or a non-party and contain its trade secrets and/or other confidential research, development, or commercial information, including without limitation documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, and other discovery materials, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admission, or other formal methods of discovery ("Designated CONFIDENTIAL Material").

2.    "CONFIDENTIAL Material" shall include (i) information relating to research and development, (ii) submissions to the United States Food and Drug Administration ("FDA") and related documents, and (iii) information relating to the marketing, sales, composition, manufacturing, technical properties, or testing of pharmaceutical formulations (or any of the ingredients, substances, or packaging materials used therein).

3.    Certain limited types of CONFIDENTIAL Material may be further designated by a party and/or non-party as "ATTORNEY'S EYES ONLY" ("Designated ATTORNEY'S EYES ONLY Material"). The "ATTORNEY'S EYES ONLY" designation shall be reserved for the following categories: (i) information relating to pending patent applications or drafts of patent applications; (ii) information relating to products currently in development and that have not been the subject of an application filed with the FDA, as well as products for which ANDAs ("Abbreviated New Drug Applications") or NDAs ("New Drug Applications") have been filed,

2

including but not limited to the ANDAs/NDAs themselves as well as any related documents; (iii) business or strategic plans; (iv) future sales/financial projections; (v) current or future marketing plans; and (vi) other proprietary data, business, financial or commercial information, including but not limited to commission, structure, cost structure and/or profit margin information, the disclosure of which is likely to cause harm to the competitive position of the designating party.

4.    Each party and any non-party shall have the right to designate as confidential and subject to this Protective Order any CONFIDENTIAL Material that is entitled to protection under Rule 26(c)(1)(H) of the Federal Rules of Civil Procedure. It shall be the duty of the party or non-party who seeks to invoke protection under this Protective Order to give notice, in the manner set forth in Paragraphs 5 and 6, below, of the CONFIDENTIAL Material designated to be covered by this Protective Order. The duty of the other parties and of all other persons bound by this Protective Order to maintain the confidentiality of CONFIDENTIAL Material so designated shall commence with such notice.

5.    The party or non-party producing any documents or things containing CONFIDENTIAL Material who seeks to invoke protection under this Protective Order for that material shall designate that material by stamping or labeling each page of that document or thing with either the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" , or with the legend "SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY", at the time the document or thing, or a copy thereof, is provided to the requesting party. Inadvertent production of documents or things containing CONFIDENTIAL Material without such legends shall not waive the confidentiality of that material if written notice is furnished to the receiving party that the material shall be designated CONFIDENTIAL-SUBJECT TO PROTECTIVE

3

ORDER or SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY Material and subject to this Protective Order. With respect to all documents or things provided for inspection by a party's or non-party's counsel, designation by stamping or labeling as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY" need not be made until copies of the documents or things are produced after inspection and selection by counsel. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's or non-party's counsel shall be treated as though designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY at the time of the inspection.

6.a.    Information provided in a deposition may be designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY Material subject to this Protective Order either (1) during the deposition or (2) by written notice to the reporter and all counsel of record given within thirty (30) days after the deposition transcript is received by the designating party or non-party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party or non-party. Until expiration of that thirty (30) day period, the entire deposition and all exhibits thereto will be treated as subject to protection against disclosure as CONFIDENTIAL Material designated as ATTORNEY'S EYES ONLY under this Protective Order. If no party or non-party timely designates as CONFIDENTIAL or ATTORNEY'S EYES ONLY any information provided in a deposition, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions and exhibits, and all copies of those

4

portions and exhibits, shall be treated as Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material pursuant to the terms of this Protective Order; deposition exhibits previously designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY do not need to be redesignated to retain their protection under this Protective Order.

    b.  At any deposition session, when counsel for a party or non-party deems that the answer to a question will result in the disclosure of CONFIDENTIAL Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated as Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material and subject to this Protective Order. Counsel for the party or the non-party whose Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material is involved may also request that all persons other than the reporter, the witness, counsel, and individuals specified in Paragraph 9, below, who may have access to such Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question.

    c.  Deposition transcripts containing testimony with Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL/ATTORNEY'S EYES ONLY INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER."

7.      Documents, things, and information that are Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things or information that are Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; and (d) deposition testimony designated in accordance with Paragraph 6, above.

8.      Each party and all other persons bound by the terms of this Protective Order shall use any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material designated by a party or non-party other than itself only for the purpose of this civil action, 07 Civ. No. 6297, and shall not use any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material governed by this Protective Order for any other purpose. The Outside Counsel of record for the parties as identified and defined in paragraph 9 below and anyone bound by the terms of this Protective Order shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to those persons specified in Paragraph 9, below.

9a.      Designated CONFIDENTIAL Material may be disclosed by the non-designating party only to:

1.      the Court and its official personnel;

6

2.    the non-designating party's outside counsel of record in 07 Civ. No. 6297

and their law firms' active members, associate attorneys, paralegals, and office staffs working on

this case ("Outside Counsel"), namely:

> Robert B. Breisblatt
> KATTEN MUCHIN ROSENMANN LLP
> 525 West Monroe Street
> Chicago, Illinois  60661-3693
>
> Robert S. Silver
> William J. Castillo
> Bruce Chasan
> Mona Gupta
> William C. Youngblood
> CAESAR, RIVISE, BERNSTEIN
>    COHEN & POKOTILOW, LTD.
> 1635 Market Street 11th Floor
> Philadelphia, Pennsylvania 19103-2212
> *Attorneys for Defendant Pentech*
> *Pharmaceuticals, Inc.*

7

John R. Cambridge
Peter S. Roeser
Mark A. Semisch
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606

Andrew Berdon
Robert Wilson
Mark D. Baker
QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorneys for Plaintiffs Connetics
Corporation and Stiefel Research
Australia Pty. Ltd.*

3.      court reporters, translators, third-party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to Outside Counsel;

4.      outside experts and consultants retained by the non-designating party's Outside Counsel to assist in this litigation, who are not past or present full-time employees of that non-designating or any other party or of an affiliate of that non-designating or any other party, as provided in Paragraph 10, below;

5.      one in-house attorney for each non-designating party and his or her secretarial, clerical and legal assistant staff, identified as follows;

(1)      For Connetics:  Rupa Sen, Esq.

(2)      For Pentech:  None.

6.      jury consultants involved solely in providing litigation support services to Outside Counsel;

8

7.      at a deposition, any person currently an officer, director, employee, patent attorney, or patent agent of or for the party or non-party designating the material as CONFIDENTIAL.

9b.     Any Designated ATTORNEY'S EYES ONLY Material shall be treated the same as Designated CONFIDENTIAL Material, with the following exception:

1.      There shall be no access to Designated ATTORNEY'S EYES ONLY Material by persons described in Paragraph 9.a.5., above.

10a.    Before Outside Counsel for a non-designating party may disclose Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material to a person described in Paragraph 9.a.4. or 9.a.6., above, that counsel shall give advance notice as follows: Outside Counsel for the non-designating party seeking to make the disclosure shall provide notice in writing to Outside Counsel for the designating party or non-party, and all other parties to this litigation, of the name, address, business affiliation and curriculum vitae of the person(s) to whom the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking (Exhibit A). The designating party or non-party shall have five (5) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or non-party expires, and, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing to the Outside Counsel for the party seeking to make the disclosure. If the parties or party and non-party are unable to resolve the objection, and the party seeking to make the disclosure indicates that it still desires to disclose the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material to the person or persons in question, the party or non-

9

party seeking the disclosure must file and serve a motion with the Court to allow the disclosure of such material to such person or persons. Such motion must be filed with the Court within ten (10) business days of receiving the initial notification under this Paragraph 10, unless agreed otherwise, in writing, among the Outside Counsel involved. The burden of demonstrating good cause for the requested relief shall lie with the moving party or non-party (*i.e.*, the non-designating party or non-party). A failure to object or file a motion within the requisite time limits shall be deemed a waiver of the objection. Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

b.    Before Outside Counsel for a non-designating party may disclose Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material to any person and in any manner not authorized by Paragraph 9, that Outside Counsel must give advance notice in writing to the designating party or non-party of the name, address, and business affiliation of the person to whom the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking (Exhibit A). The designating party or non-party shall have ten (10) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party or non-party expires, and, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing to the counsel for the party seeking to make the disclosure. Failure by the designating party or non-party to object within the requisite time limits shall be deemed a waiver of the objection. If the parties or party and non-party are unable to resolve any objection,

10

and the party seeking to make the disclosure indicates that it still desires to disclose the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material to the person or persons in question, the party seeking disclosure must file and serve a motion with the Court seeking an order allowing the disclosure to take place. The burden of demonstrating good cause for removing the confidentiality of the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall lie with the moving party or non-party (*i.e.*, the designating party or non-party). Upon a timely objection and motion, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party or non-party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

11.     In no event shall any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material be disclosed to any person allowed access under Paragraphs 9.a.4. through 9.a.7. until such person has been shown and has read  and understood a copy of this Protective Order and executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Protective Order in the form set forth in Exhibit A hereto.   Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall not be disclosed to any person who refuses to execute the written confidentiality agreement (Exhibit A) without prior express written leave of the Court.

12.     Any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order.  The party filing any paper that contains, summarizes, or reflects any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material shall file such paper in a sealed envelope and in

accordance with Local Rule 5.8 of the United States District Court for the Northern District of Illinois.

13.    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing of good cause, such additional protection with respect to the confidentiality of documents, things, or information as that party or non-party may consider appropriate.    Nor shall any party be precluded from claiming that any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material is not entitled to the protection of this Protective Order; from applying to the Court for an Order permitting the disclosure or use of documents, things, or information otherwise prohibited by this Protective Order; or from applying for an Order modifying this Protective Order in any respect.    No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

14.    The restrictions set forth in this Protective Order shall not apply to documents, things, or information that is public knowledge prior to its disclosure.    Further, the restrictions contained in this Protective Order shall not apply to information that:

a.    is, or after disclosure becomes, public;

b.    was in the possession of the party to whom disclosure is made prior to disclosure, except that any portions of the Pentech ANDA involved in this suit that were disclosed to Plaintiffs prior to the filing of this suit and any documents or information related thereto regardless of whether the information is in documentary form, do not fall within this category and are subject to the terms of this Protective Order and shall be treated as ATTORNEY'S EYES ONLY Material; or

12

c. is public knowledge other than by an act or omission of the party to whom such disclosures is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

15. If a party seeks removal of protection for particular items of Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material on the ground that such confidentiality is not warranted under controlling law, the following procedure shall be used:

a. The party seeking such removal shall give Outside Counsel for the designating party or non-party notice thereof, in writing, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party or non-party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing or electronic transmission. Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

b. If the parties, or the party and non-party, after conferring cannot reach agreement concerning the matter, then the party or non-party seeking the removal of protection for Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material must file and serve a motion with the Court; the designated material shall continue to be Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material until the issue is resolved by Order of this Court or by agreement of the parties or the party and non-party.

c. On any motions arising out of the designation of any material as Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material under this Protective Order, the burden of justifying the designation shall lie with the designating party or non-party.

16.    This Protective Order is intended to provide a mechanism for the handling of Confidential Material for which there is no objection to disclosure or production other than confidentiality as trade secret or other confidential research, development, or commercial information.  Each party reserves the right to object to any production or disclosure of any documents, things, or information it deems confidential on any other ground it may deem appropriate, including, without limitation, attorney-client privilege or work product immunity.

17.    Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).  Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

a.    Immediately after receiving written notice from the producing party that documents or information subject to the attorney-client privilege, work product immunity, or otherwise immune from discovery have been inadvertently produced, the receiving party shall not copy or disseminate such documents or information, and, subject to Paragraph 17.b. below, the receiving party shall return such documents or information and any copies to the producing party within five (5) business days.

b.    Upon written notification by the producing party of an inadvertent production and request for return of all originals and copies, the receiving party shall return the inadvertently produced documents or information (and return or certify in writing to the destruction of all copies thereof) within five (5) business days of receiving the producing party's written request for return, unless the receiving party has a good faith basis for asserting that the information is not protected by any privilege or immunity.  If the receiving party believes it has a

14

good faith basis for challenging the privilege claim, the receiving party need not return such material until ordered to do so by a final order of the Court. Instead, within five (5) business days after receipt of the producing party's request for return, Outside Counsel for the receiving party shall provide the Outside Counsel for the producing party with a written explanation of the good faith basis for refusing to return the inadvertently produced documents or information. In the event that the inadvertently produced documents or information are not returned based upon the receiving party's timely written explanation of the good faith basis for refusing to return those documents or material, the producing party has ten (10) business days from receipt of the receiving party's written explanation to file a motion seeking an order compelling the return of the inadvertently produced documents or information. Failure of the producing party to file such a motion within ten (10) business days from receipt of the receiving party's written explanation or within any other time period agreed to by the parties, waives any claim of privilege or immunity as to the inadvertently produced documents or information at issue.

        c.    Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has ten (10) days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this ten (10) day period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

        18.    Upon final termination of this action by unappealable judgment, unless otherwise agreed to in writing by counsel of record for the designating party or non-party, each party shall within one hundred and twenty (120) days assemble and return, or certify destruction of, all Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, including all copies,

extracts, and summaries thereof, to the party or non-party from whom the Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material was obtained, except that any such materials that contain or constitute attorney work product may be destroyed rather than returned, and Outside Counsel may retain copies of pleadings and materials that are of record in the litigation, subject to the confidentiality provisions of this Protective Order. As to electronic reports, databases, or other documents that summarize or collect information from Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material, but do not contain other attorney-work product or attorney-client communications, the receiving party shall delete such electronic information. All Outside Counsel shall make certification of compliance herewith and shall deliver the same to counsel for the party or the non-party who produced the documents not more than one hundred and twenty (120) days after the final termination of this civil action.

19. No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating party or non-party, or by an Order of this Court for good cause shown. The termination of this civil action shall not automatically terminate the directives of this Protective Order.

20. This Protective Order governs the confidentiality of Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material before and after trial. If a party intends to disclose Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material in court at any pretrial proceeding open to the public, the issue of whether any such disclosure may be made shall be governed by applicable law or additional Order of this Court. That party, however, shall give counsel for the designating party or non-party notice of that intention, in writing (by facsimile followed by a hard copy sent next business day courier or messenger delivery), at least ten (10) business days before making such disclosure, and shall identify in that

16

notice the specific material intended to be disclosed to the extent feasible and consistent with legitimate trial strategy considerations.

21.    Notice under this Protective Order shall be to the parties' Outside Counsel as follows, unless this provision is modified by the parties in writing: notice to Connetics shall be made to Andrew Berdon, Robert Wilson and Mark Baker, and notice to Pentech shall be to Robert Silver, William Castillo, Mona Gupta and William C. Youngblood of Caesar Rivise, and Robert Breisblatt of Katten Muchin, all at their respective email addresses of record filed with the Court for this case.

22.    Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to their clients in this litigation and, in the course thereof, relying generally on examination of Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of the content of any item so designated.

23.    No person subject to this Protective Order may disclose, in public or private, any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material designated by a party or non-party other than itself, except as provided for in this Protective Order.  Nothing herein, however, shall affect the right of the designating party or non-party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as CONFIDENTIAL or ATTORNEY'S EYES ONLY material; such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

24.    If another court or an administrative agency subpoenas or orders production of any Designated CONFIDENTIAL or ATTORNEY'S EYES ONLY Material that a party has

17

obtained under the terms of this Protective Order, such party shall notify the designating party or non-party of the pendency of such subpoena or Order within ten (10) business days of receiving said subpoena or Order.

25.   Any violation of this Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

IT IS SO ORDERED THIS 22ⁿᵈ DAY OF _____July_____, 2008.


_____James B. Moran_____
JAMES B. MORAN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

191221_1

July 22, 2008

Robert B. Breisblatt
KATTEN MUCHIN ROSENMANN LLP
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5480
Facsimile:   (312) 902-1061

Robert S. Silver
William J. Castillo
Mona Gupta
William C. Youngblood
CAESAR, RIVISE, BERNSTEIN
  COHEN & POKOTILOW, LTD.
1635 Market Street 11th Floor
Philadelphia, Pennsylvania 19103-2212
Telephone:  (215) 567-2010
Facsimile:   (215) 751-1142

*Attorneys for Defendant Pentech*
*Pharmaceuticals, Inc.*

191221_1

July ___, 2008

John R. McCambridge (01812378)
Peter S. Roeser (6257273)
Mark A. Semisch (6281499)
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

Andrew Berdon
Robert Wilson
Mark D. Baker
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiffs Connetics
Corporation and Stiefel Research
Australia Pty. Ltd.*

EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CONNETICS CORPORATION and STIEFEL RESEARCH AUSTRALIA PTY. LTD., | : : : | |
| | : | Civil No. 08 CV 2230 |
| Plaintiffs, | : : | |
| | : | |
| v. | : : | **CONFIDENTIALITY** |
| | : | **UNDERTAKING** |
| PENTECH PHARMACEUTICALS, INC., | : : | |
| Defendant. | : : : | |

I, _____, being duly sworn, state that:

     (a)    My present residential address is _____

_____.

     (b)    My present employer is _____

_____ and the address of my present employer

is _____.

     (c)    My present occupation or job description is _____

_____.

     (d)    I have received and carefully read the Stipulated Protective Order (the "Order") in the above-captioned case dated _____, 2008. I certify that I understand the terms of that Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any Designated CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

_____

SUBSCRIBED and SWORN to before me
this _____ day of _____, 200_.

_____

Notary Public
My Commission Expires